UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JAMES MALLORY**                                                                                                           **PLAINTIFF**
**A/K/A SADIQ AL-RAHMAN MUHHAMAD**
**v.**                                                                                       **CIVIL ACTION NO. 3:24-CV-P54-JHM**

**ANGELA ELLERMAN** *et al.*                                                                                           **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff James Mallory filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.**

On December 21, 2021, Plaintiff pled guilty to burglary in the second degree and manslaughter in the first degree in Jefferson Circuit Court. *See Commonwealth v. Mallory*, No. 12-cr-001317-02.[1]

In this action, Plaintiff sues his co-defendant's defense team from the Kentucky Department of Public Advocacy (DPA), including Angela Ellerman, his co-defendant's public defender; Dan Goyette, the former DPA "Chief Public Defender"; and Leslie Meurer, a DPA investigator (the "DPA Defendants"). Plaintiff also sues Commonwealth Attorney Thomas B. Wine and Assistant Commonwealth Attorney Ryanne Conroy.

Plaintiff alleges that on approximately June 12, 2012, Defendants Ellerman, Goyette, and Meurer found shell casings near the crime scene of the homicide he was charged with and hid them in their offices for over six years. Plaintiff asserts that their concealment of this evidence

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

caused him to be incarcerated on "trump charges," facing the death penalty, for over nine years prior to his conviction. Plaintiff insinuates that these Defendants hid the shell casings because they had Defendant Ellerman's client's, Plaintiff's co-defendant's, fingerprints on them. He claims that these Defendants acted "outside the scope of their jobs" by lying to the state trial court for years.

Plaintiff sues Defendants Wine and Conroy for "allowing this to go on for [several] years without correcting these faults [or] indicting these individuals for breaking the law."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58

F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.  Defendants Ellerman, Goyette, and Meurer (the "DPA Defendants")[2]**

The Court construes the complaint as asserting that the DPA Defendants violated Plaintiff's constitutional rights in the course of his state-court criminal action.  Based on the dates and time periods set forth in the complaint, it appears that Plaintiff's claims against these Defendants are time-barred.

Section 1983 does not provide a statute of limitations, so federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80, (1985).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in

---

[2] For purposes of this initial review only, the Court will assume that these Defendants could be considered state actors under § 1983.

KRS § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" or "when the plaintiff discovered (or should have discovered) the cause of action." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021) (quoting *Rotkiske v. Klemm*, 140 S. Ct. 355, 360, 205 L. Ed. 2d 291 (2019)).

Although it is not clear from the complaint when Plaintiff learned that the DPA Defendants had allegedly concealed the shell casings, it seems evident that he knew about them, at the latest, when he pled guilty to amended charges against him on December 21, 2021. Thus, because Plaintiff did not initiate this action until January 22, 2024,[3] Plaintiff's constitutional claims against Defendants Ellerman, Goyette, and Meurer are barred by the one-year statute of limitations.

### B. Defendants Wine and Conroy

Plaintiff sues Defendants Commonwealth Attorney Wine and Assistant Commonwealth Attorney Conroy in both their official and individual capacities for allegedly failing to prosecute the DPA Defendants for tampering with/concealing evidence in his criminal action. It is likely that Plaintiff's claims against these Defendants are also barred by the statute-of-limitations but, in the event they are not, the claims fail because they are meritless.

As to Plaintiff's official-capacity claims against Defendants Wine and Conroy, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.

---

[3] "A *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th. Cir. 2008) (citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). On the complaint, Plaintiff indicates that he put the complaint in the prisoner mail system on January 22, 2024.

1994). In addition, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. at 159, 169 (1985); *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment.")

As to Plaintiff's individual-capacity claims against Defendants Wine and Conroy, prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity extends to a prosecutor's decision on whether to prosecute a case. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously. The decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

In light of this jurisprudence, the Court will dismiss Plaintiff's claims against Defendants

Wine and Conroy for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from such relief.

## IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: May 11, 2024

*signature*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011